In the Matter of the Estate of ALBERT FRANK, Deceased.

Surrogate's Court, New York County, August 5, 1936.

*McCanliss, Coutant & Hinch,* for the trustee.

*Appel & Tannenbaum* and *Alex M. Jareckie,* exceptants to report.

DELEHANTY, S. The official referee, Hon. John P. Cohalan, completely exonerated the accounting trustee and numerous exceptions to his report raise the issues here for decision.

So far as the exceptions are concerned which seek to challenge the right of the trustee to invest the trust funds in mortgage participations, the court holds that all interested parties are estopped to raise the issue. All of them assented to the investments when made.

The court overrules the exceptions which seek surcharge of the trustee because participations were taken in mortgages having maturities long after the life beneficiary had become seriously ill. The court holds that knowledge of this fact did not require the trustee to invest only in short term securities.

Despite the estoppel which forecloses all other questions the court holds that the objectants are free to question the validity and propriety of individual investments made by the trustee. In respect of some of these the court holds the exceptions to be valid and holds that the trustee is subject to surcharge for its lack of care and prudence.

The mortgage on premises at Bank and Bleecker streets was not suitable for trust funds. The testimony of the appraiser of the title and guaranty company from which the mortgage was purchased shows that months before the purchase the buildings were mostly vacant and that the amount of rental income was not worth noting on the appraiser's report. The appraiser testified that the buildings were inadequate for the site considering the land value. While there was said to be a corporate tenant of the whole premises at the date of the mortgage there was no check upon its responsibility. The property was actually vacant in 1930 when the term of the mortgage was extended. Consent was soon thereafter given to demolish the buildings on payment of $25,000, none of which was used in reducing the participation of this estate in the mortgage. The property was in the control of a firm of building contractors and operators and it is clear that the mortgage was a first step in a program (never completed) for the development of the site. The trustee was not justified in putting trust funds into the mortgage originally (See *Matter of Dalsimer*, 160 Misc. 906, decided herewith), and it was plainly negligent in not enforcing payment of the mortgage in 1930 when the buildings were wholly vacant. It is surcharged with the amount of the participation, with interest as hereafter directed. This investment illustrates the hazards inherent in prospective developments of plots not improved with adequate buildings. Such hazards make such mortgages unsafe for trust funds and trustees must expect surcharge if such investments are made.

The Eleventh avenue mortgage was unsuitable for trust funds. The trustee's own inspector reported the buildings were not adapted to the district though they might suffice to carry the property until torn down. The trustee did nothing after acquiring the mortgage and at the accounting date the buildings had become wrecks. It would be a waste now to endeavor to rehabilitate them and their

demolition was recommended in 1933 by one of the real estate officers of the trustee. The loss occasioned to the estate by this investment is directly due to lack of prudence in the initial loan and lack of care since. The trustee will be surcharged with the amount of the participation with interest as hereafter stated.

The allocation to this trust of a participation in the East Fifty-sixth street mortgage was indefensible in the circumstances existing at the time. There had been a very substantial loss of income due to the failure of a tenant of substantial space and at the time of the allocation the property was not self supporting. This fact would have been learned by the trustee, if it had made an adequate check as it was in duty bound to do. The trustee will be surcharged with the amount of the participation with interest as hereafter stated.

In the circumstances shown in this record the trustee will not be surcharged for failure to reduce each mortgage investment validly made by its proportion of amortization payments. This group of beneficiaries were at all times urging increased income and must be held to have assented to what was done.

The interest rate chargeable to the trustee will be a net four per cent computed from the last interest date on which interest was paid. The rate is fixed on the basis that no commissions on such income will be allowed.

Other investments of the trustee are barely sustainable on this record, but the court will not disturb the findings of the referee except in the instances stated.

All questions as to values on which commissions will be computed will be disposed of at the settlement of the decree. If the parties cannot stipulate the present value of the participations held to have been validly purchased the court will take testimony as to such values preliminary to fixing the amount of commissions.

Submit on notice decree modifying the referee's report in the particulars stated in this decision and affirming such report as so modified and settling the account accordingly.